IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT CORNELL,**                 **CASE NO. 2:05-cv-948**
                                                          **JUDGE SMITH**
                **Petitioner,**               **MAGISTRATE JUDGE ABEL**

        v.

**ROB JEFFRIES, Warden,**

        **Respondent.**

**OPINION AND ORDER**

On June 8, 2006, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. Petitioner has also filed a request that respondent be ordered to supplement the record with a copy of the attachments to petitioner's 26(B) application, which are not currently a part of the record before this Court. Doc. No. 20. For the reasons that follow, petitioner's objections are **OVERRULED**; his motion for an order directing respondent to supplement the record is **DENIED;** and this case is hereby **DISMISSED**.

Petitioner objects to the Magistrate Judge's recommendations that claims one through six be dismissed; he does not object to the Magistrate Judge's recommendation of dismissal of claim seven. Petitioner also objects to the Magistrate Judge's denial of his May 8, 2006, request to file a supplemental response to the respondent's Return of Writ; however, petitioner has attached the supplemental response to his objections, and this Court has considered all of the arguments raised therein. Petitioner's objections in this respect therefore are **OVERRULED**.

Petitioner objects to the Magistrate Judge's recommendation that claim three be dismissed

as procedurally defaulted. In claim three petitioner asserts that he was denied the effective assistance of counsel and that his guilty plea was not knowing, intelligent, or voluntary because his attorney advised him to plead guilty under the terms of a plea agreement whereby he agreed to a jointly recommended sentence of nine years. This claim was raised on direct appeal; however, petitioner never filed a timely appeal to the Ohio Supreme Court, and his motion for delayed appeal was summarily denied. Petitioner again asserts as cause for his procedural default of claim three the ineffective assistance of counsel. He states that appellate counsel failed to timely notify him of the appellate court's October 6, 2004, decision denying his appeal. As discussed in the *Report and Recommendation*, the record does not support petitioner's allegation. The Disciplinary Counsel of the Ohio Supreme Court wrote a letter to petitioner in response to a complaint he filed indicating that the records of petitioner's appellate counsel indicated that counsel twice mailed petitioner copies of the appellate brief and transcripts, and that on October 8, 2004, two days after the state appellate court denied petitioner's appeal, counsel mailed petitioner a copy of the appellate court's decision. *See* Exhibits 13 to Return of Writ. Still, petitioner states that he never received timely notification from counsel that his appeal had been denied, and he therefore was unable to file a timely appeal to the Ohio Supreme Court. Petitioner has attached to his motion for delayed appeal what purports to be a letter from Larry Yoder, the prison mail inspector, indicating that the prison had no record of legal mail from petitioner's appellate attorney in October.

In any event, this Court agrees with the Magistrate Judge's conclusion that petitioner has failed to establish cause for his procedural default in filing an untimely appeal to the Ohio Supreme Court.

> "'[C]ause' under the cause and prejudice test must be something
> external to the petitioner, something that cannot fairly be attributed

2

> to him[;] ... some objective factor external to the defense [that] impeded... efforts to comply with the State's procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

*Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir. 2003). Petitioner may, for example, establish cause where he gives papers to prison authorities five days prior to the filing deadline, but prison authorities fail to promptly deliver the papers and petitioner's filing is denied by the state court as one day late. *Id.*, at 438-39. Petitioner's *pro* se status, or "ignorance of the law and procedural requirements for filing a notice of appeal is insufficient to establish cause to excuse his procedural default." *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004), citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995). As in the *Report and Recommendation*, the ineffective assistance of counsel cannot constitute cause for petitioner's failure to file a timely appeal with the Ohio Supreme Court, where he had no right to counsel in those proceedings. *See Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 425 (6th Cir. 2003), citing *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991); *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987). In *Smith v. Ohio Department of Rehabilitation and Correction,* 331 F.Supp.2d 605, 618 (N.D. Ohio 2004), the United States District Court for the Northern District of Ohio similarly rejected petitioner's assertion that counsel's failure to provide timely notification of the state appellate court's decision constituted cause for a procedural default in failing to file a timely appeal to the Ohio Supreme Court. *See also Shabazz v. Ohio*, 149 F.3d 1184, unpublished, 1998 WL 384559 (6th Cir. June 18, 1998). Neither *Freels v. Hill,* 843 F.2d 958 (6th Cir. 1988), nor *Waldron v. Jackson*, 348 F.Supp.2d 877 (N.D. Ohio 2004), referred to by petitioner, alter this conclusion. *Freels v. Hill, supra*, involved appellate counsel's failure to comply with *Anders v. California*, 386 U.S. 738 (1969). *Waldron v. Jackson, supra*, involved counsel's failure to perfect a timely appeal as of right, despite the defendant's request, and its affect on the

running of the statute of limitations. Neither of the foregoing cases addressed the precise issue herein, i.e., whether an attorney's failure to timely notify a defendant of the state appellate court's decision denying an appeal may constitute cause for the failure to file a timely appeal to the Ohio Supreme Court. Petitioner also argues that the Ohio Supreme Court's dismissal of his motion for delayed appeal for failure to establish good cause for the untimely filing under Ohio Supreme Court Rule of Practice II Section 2(A)(4)(a) does not constitute an adequate and independent state ground to preclude federal habeas corpus review. *Objections*, at 7. In view of *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004), this argument also fails.

Moreover, petitioner's allegations in claim three are plainly without merit. As discussed, petitioner asserts that his guilty plea was not knowing, intelligent, or voluntary, and that he was denied the effective assistance of counsel because his attorney advised him to plead guilty and agree to a jointly recommended sentence of nine years. The state appellate court rejected these claims as follows:

> On October 7, 2003, appellant was indicted on 149 counts, including corrupt practices, a felony of the second degree, and other various felonies and misdemeanors arising out of a multi-county crime ring. The trial court assigned appellant trial counsel through the Delaware County Public Defender's Office. On November 21, 2003, appellant entered into a plea agreement with the State to plead guilty to forty-one of the counts, including the corrupt practices count, for a dismissal of the remaining counts, and a recommended nine year sentence. The trial court accepted the agreement and appellant's guilty plea.
>
> Appellant now raises the following assignment of error:
>
> "I. THE APPELLANT WAS PREJUDICED BY INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS APPOINTED COUNSEL SUGGESTED THAT HE ACCEPT A PLEA BARGAIN [SIC] THAT INCLUDED A STIPULATION OF NINE YEARS IN PRISON."

Appellant argues his trial counsel was ineffective in suggesting he accept the plea bargain, including the stipulated penalty of nine years in prison.

"The standard of review for a claim of ineffective counsel was established in *Strickland v. Washington* (1984), 466 U.S. 668... and adopted by Ohio.... These cases set forth a two-pronged analysis. The first prong of the analysis requires a showing that counsel's assistance was ineffective in that it fell below an objective standard of reasonable representation and violated essential duties to the client. The second prong requires a showing of actual prejudice by counsel's ineffectiveness such that but for the counsel's unprofessional error the outcome of the trial would have been different. We note that a properly licensed attorney is presumed competent. *See Vaughn v. Maxwell* (1965), 2 Ohio St.2d 299; *State v. Calhoun* (1999), 86 Ohio St.3d 279. In reviewing a claim of ineffective assistance of counsel, the United States Supreme Court has stated:

"Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. *Cf. Engle v. Isaac*, 456 U.S. 107, 133-34... (1982). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *See Michel v. Louisiana*, supra, 350 U.S., at 101.... There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way....

In light of the Supreme Court's guidance, debatable trial tactics and strategies do not constitute a denial of effective assistance of counsel. *State v. Clayton* (1980), 62 Ohio St.2d 45, 49. It has been held by the Ninth District Court of Appeals that "[t]he decision to plead guilty to charges after the speedy trial process has passed, in exchange for the dismissal of other charges may, however, be a valid trial strategy." *City of Akron v. Radcliffe* (May 3, 2000), Summit App. No. 19704,

5

unreported. Further, appellant must demonstrate he was precluded from knowingly and voluntarily entering his plea. *Id*.

A guilty plea breaks the criminal process and results in the defendant's waiver of the right to challenge the propriety of any actions taken by a trial court or trial counsel prior to that point in the proceedings, unless it affected the knowing and voluntary character of the plea.... To affect the validity of a plea, a defendant must show that the ineffective assistance precluded him from entering the plea knowingly and voluntarily....

At the sentencing hearing the following exchange took place:

"Mr. Cornell, do you understand that these pleas of guilty to these forty-one counts are complete admission of your guilt to each of these 41 counts, and that it's also an admission of the truth, the truth of what each of these counts say that you did?

"MR. CORNELL: Yes, Sir, I do.

"THE COURT: And you understand that if I accept your guilty pleas today, that I have a right to immediately sentence you today?

"MR. CORNELL: Yes, Sir, I do.

" THE COURT: Do you also understand likewise that I have a right to refer you for a pre-sentence report and to sentence you subsequent to receiving that report?

"MR. CORNELL: Yes, Sir.

"THE COURT: And do you understand that I also have a right to sentence you within the parameters of the law, despite any recommendations that might be made in that pre-sentencing report?

"MR. CORNELL: Yes, Sir, I do.

"THE COURT: Now, Mr. Cornell, other than the negotiations that I went over with you, has anyone made any promises to you in order to get you to plead guilty here today?

"MR. CORNELL: No, Sir. ... I've done this on my own free will.

"THE COURT: Is anyone forcing you to do it?

"MR. CORNELL: No, Sir, they have not.

"THE COURT: And are you entering these pleas voluntarily?

"MR. CORNELL: Yes, Sir, I am.

"THE COURT: Have you had the opportunity to review with Mr. Clark all the essential elements of these counts, all possible defenses to these counts, and all potential penalties to these counts?

"MR. CORNELL: Yes, Sir, I have.

"THE COURT: Has he answered all of your questions and explained everything to you?

"MR. CORNELL: Yes, Sir, to the fullest extent of the law, Sir.

"THE COURT: And has he reviewed all the discovery concerning these counts?

"MR. CORNELL: Very much so, Sir.

"THE COURT: All right, Mr. Cornell, I want to review with you what your understanding of the potential penalties are on these counts.

***

"THE COURT: All right, Mr. Cornell, if you are guilty of these 41 counts that you and I reviewed together, if you would enter your pleas in writing?

(Written guilty pleas are executed.)

"THE COURT: All right, Mr. Cornell, I have a document in front of me entitled, Withdrawal of Former Pleas of Not Guilty to Indictment, written pleas of guilt to 41 different counts which I've reviewed with you, and among other things, it says, of course, that you are guilty of these counts; is that true?

"MR. CORNELL: Yes, Sir.

"THE COURT: And is this your signature signed to this document?

7

"MR. CORNELL: Yes, Sir, it is.

"THE COURT: And are you guilty of these 41 counts?

"MR. CORNELL: Yes, Sir, I am.

"THE COURT: All right, the court will then find that Mr. Cornell has knowingly, voluntarily, and intelligently waived his rights and entered a plea of guilty to these 41 counts... he's entered these pleas without threats or promises; he has full and complete understanding of the charges and penalties; he has committed the crimes to which he's entered a plea of guilty; the court would accept his guilty plea to each of these 41 counts, and make a finding of guilty as to each of these 41 counts.

"All right, Mr. Darr, any input on sentencing or pre-sentencing report?

"MR. DARR: As a preliminary to that, your Honor, the State moves to dismiss the balance of counts set out in Schedule B and we have an entry on that.

\*\*\*

"[Defense counsel] MR. CLARK: Well, it's unusual, and this is an unusual situation.  So maybe I won't say the right things to enable you at this point, but we would at this point, ask you not to refer this for pre-sentence investigation.  We would recognize that we do not have evidence to overcome the presumption of prison on count one and that being the case, we would then ask that you sentence him to six years on count one; then we would ask on the first three of the felony of the fourth degree, you recognize the view, the multiplicity of the counts and the statements that you've heard today, that that overcomes any presumption of community control or guidance in favor of community control in view of the fact that this is a pattern of activity. .... so that it totals nine years and then ask that the remainder of the felonies be concurrent with counts one and that the misdemeanors be concurrent with all the other felonies."

Tr. At 52-54, 565-68.

Upon review, we conclude appellant has not demonstrated ineffective assistance of counsel as he knowingly and voluntarily entered his plea.  The statements of trial counsel at the sentencing hearing

8

>indicate the plea agreement and stipulated sentence were a tactical decision, knowingly and voluntarily agreed to by appellant. Further, we note appellant's sentence was less than he would have received without entering into the plea deal. Consequently, appellant has not established his trial counsel's representation fell below the objective standard of reasonableness. Therefore, appellant's claim is without merit.

Exhibit 11 to Return of Writ.

The state appellate court's decision denying petitioner's ineffective assistance of appellate counsel claim is presumed to be correct:

>(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
>(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. §2254(d), (e).

>A state court's determination is contrary to federal law when the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or on indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's decision is an unreasonable application of federal law when the state court correctly identified the applicable legal principle from Supreme Court precedent, but applied that principle to the facts before it in an unreasonable manner. *Id.* at 413, 120 S.Ct. 1495.

9

*Maldonado v. Wilson*, 416 F.3d 470, 475 (6th Cir. 2005). Petitioner has failed to meet this standard here.

A prisoner may challenge the entry of a plea of guilty on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir. 1988). In order to obtain relief, a prisoner who is challenging the entry of his guilty plea on the basis of counsel ineffectiveness must first show that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *Hill,* 474 U.S. at 59; *Sparks,* 852 F.2d at 884.

> The second, or "prejudice" requirement on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill,* 474 U.S. at 59; *Sparks,* 852 F.2d at 884.

Additionally, because a criminal defendant waives numerous constitutional rights when he enters a plea of guilty, the plea must be entered into knowingly and voluntarily in order to be constitutionally valid. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). "'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir. 1988)(quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). In applying this standard, the Court must look at the totality of circumstances surrounding the plea. *Id.* A criminal defendant's solemn declaration

10

of guilt carries a presumption of truthfulness. *Henderson v. Morgan*, 426 U.S. 637, 648 (1976).

A criminal defendant cannot successfully challenge the voluntariness of his plea simply because the government is responsible for some of the factors motivating him to plead. *Brady v. United States*, 397 U.S. 742, 750 (1970). However, the prosecutor must keep any promises he made in the plea agreement. *Bordenkircher v. Hayes*, 434 U.S. 357, 362 (1978). When a prisoner challenges his guilty plea on the basis that it was induced by an unkept promise, the Court must determine whether the allegation, when viewed against the record of the plea hearing, is so palpably incredible, so patently frivolous or false, as to warrant a summary dismissal. *Blackledge v. Allison,* 431 U.S. 63, 76 (1977). In applying this standard, the Court will indulge a strong presumption that statements made by the parties at the plea hearing were truthful. *Id.*, at 74.

> [T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Id.*, at 74.

As discussed by the state appellate court, the record reflects that petitioner was thoroughly advised of all of the rights that he was waiving, and of the penalties for the offenses. He admitted his guilt. He at all times indicated that he understood and had no questions. The plea agreement was explicitly stated at the time of the plea hearing, and petitioner signed a written plea agreement at the time of his guilty plea. Nothing in the record reflects that the prosecutor would have been unable to prove the charges against petitioner. Petitioner was charged in a 149 count indictment, and as a result of his guilty plea, was convicted on 41 counts, thereby substantially reducing his sentence

exposure. The trial judge stated:

> Frankly, Mr. Cornell, the first instinct of this judge, considering how rampant you were over a period of six months in all these counties, could put you away the rest of your life so it won't happen again.
>
> MR. CORNELL: I understand that.
>
> .... Are you deserving of more than nine [years] here? I struggle with that based upon what you did....
>
> I do that reluctantly....

*Transcript*, at 41-44. After the sentence was imposed, when asked if he had any questions, petitioner stated:

> Your Honor, I feel the Court has been more than fair.

*Id*., at 46. Petitioner has failed to establish that the state appellate court's decision denying claim three is so unreasonable as to justify federal habeas corpus relief. *See Williams v. Taylor. supra*, 529 U.S. 362. His allegations are in claim three are without merit. For all of the foregoing reasons, petitioner's objections to the Magistrate Judge's recommendation that claim three be dismissed are **OVERRULED**.

Petitioner objects to the Magistrate Judge's recommendation that claims four, five, and six be dismissed as procedurally defaulted in view of petitioner's guilty plea and his agreement to a nine year sentence, and because petitioner failed to raise the claims on direct appeal. As cause for his procedural default of claims four, five, and six, petitioner again asserts the ineffective assistance of appellate counsel due to his attorney's failure to raise his claims on direct appeal. Petitioner also states that he was unable to file a timely 26(B) application because the clerk misplaced or destroyed his first filed 26(B) application. *Objections*, at 9-10. However, as noted in the Magistrate Judge's *Report and Recommendation*, regardless of whether petitioner's 26(B) application was timely,

12

petitioner waived the right to appeal his sentence under O.R.C. §2953.08(D) by agreeing to a jointly recommended sentence of nine years. *State v. Porterfield*, 106 Ohio St.3d 5 (2005); *State v. Dennison*, 2005 WL 2882922 (Ohio App. 10 Dist. November 3, 2005); *State v. Tillman,* 2004 WL 835845 (Ohio App. 6 Dist. April 16, 2004); *State v. Lentz*, 2003 WL 576646 (Ohio App. 2 Dist. February 28, 2003) *State v. Stacy*, 1999 WL 29075 (Ohio App. 12 Dist. 1999). Further, the state appellate court explicitly enforced this procedural rule when it dismissed petitioner's delayed application to reopen the appeal pursuant to Ohio Appellate Rule 26(B):

> This matter came on for consideration upon appellant's motion for delayed reopening of appeal pursuant to App. R. 26(B) filed on June 27, 2005.
>
> We find appellant's application not well taken. A review of the record indicates appellant's sentence resulted from a negotiated plea and recommended sentence. On direct appeal, appellant argued ineffective assistance of trial counsel in recommending the plea agreement. This court found appellant knowingly and voluntarily agreed to the plea agreement, resulting in a lesser sentence than otherwise could have been received. Accordingly, appellant's arguments raised in the application for reopening have been waived and are barred by the application of *res judicata*.

Exhibit 16 to Return of Writ. Additionally, petitioner has failed to establish cause and prejudice for his procedural default of claims four, five, and six. Petitioner argues that O.R.C. §2953.08(D) is inapplicable because his sentence violated *Blakely v. Washington*, 524 U.S. 362 (2004), and his sentence therefore was not authorized by law. This argument is not persuasive. As discussed in the *Report and Recommendation*, petitioner's convictions became final prior to *Blakely*, and *Blakely* is not retroactively applicable. *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005).

Lastly, petitioner objects to the Magistrate Judge's recommendation that claims one and two be dismissed as without merit. Upon careful consideration, and for the reasons detailed in the

Magistrate Judge's *Report and Recommendation*, this Court likewise concludes that claims one and two are without merit.

In sum, pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner. For all of the foregoing reasons and for the reasons discussed at length in the *Report and Recommendation*, petitioner's objections are **OVERRULED**. The attachments to his delayed 26(B) application are not necessary for resolution of this §2254 petition; therefore, petitioner's motion to require respondent to supplement the record, Doc. No. 20, is **DENIED.**

The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

                                                /s/ George C. Smith
                                                GEORGE C. SMITH
                                            United States District Judge